UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
97 JUN -2 PM 1:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHARON WHALEY, )
    Plaintiff(s); )
)
-vs.- ) No. CV95-P-2438-S
)
LABSOUTH, INC. and MARK )
BASSETT, )
    Defendant(s). )

ENTERED
JUN 3 1997

## OPINION

Defendants Mark Bassett and LabSouth, Inc. ("LabSouth") filed a Motion for Summary Judgment that was considered at a prior motion docket. For the following reasons, the defendants' Motion for Summary Judgment is due to be GRANTED IN PART and DENIED IN PART.

### Facts[1]

The plaintiff, Sharon Whaley, was hired by Bassett in September, 1993 to work as a clerk in the Billing Department at LabSouth under his supervision. Soon after her employment, Whaley signed a copy of the employee handbook that detailed the company's sexual harassment policy. Bassett had the power to hire and fire employees under his supervision. Bassett took Whaley to lunch at the Botanical Gardens least once. At the Botanical Gardens, Bassett rubbed Whaley's shoulder and tried to kiss her. Bassett would often try to rub Whaley's shoulders. Each time she would tell him to stop. At one point, Bassett rubbed his hand across Whaley's buttocks. On

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

several occasions, Bassett called Whaley into his office for some business reason. On one of these occasions, Bassett tried to kiss Whaley. On another, he attempted to undress in front of her. Bassett called Whaley into his office and told her to show him her "tits".

Bassett commented on Whaley's private life. He told her that she could come to him to get sex. Bassett discussed his own sex life with Whaley. She told him to stop several times. Bassett told Whaley that she had never had good sex until she had it with him. He also told her that he had a fantasy of "fucking her on the desk."

Whaley did not complain about the sexual harassment to LabSouth management other than Bassett. After she rejected Bassett's advances, Whaley's work was subjected to more intense scrutiny and she was criticized more severely than others for being absent and late. She was also assigned unpopular duties.

Whaley was absent from work on October 18, 1994. On the next day, Bassett confronted Whaley about her absence. After the confrontation, Whaley complained to Sonja Jones that Bassett had been sexually harassing her and that her absences were partially a result of the harassment. Jones went to find Alton Sturdivant, Vice President of LabSouth. While she was gone, Bassett came in to Jones' office and asked Whaley not to go to Sturdivant and told her he would stop harassing her. Whaley left and went to Sturdivant's office, where she told him that Bassett had been sexually harassing her and that she could no longer work under him. Whaley left the office.

Bassett called Whaley at home the next day and asked her why she wanted to ruin his life. Sturdivant began an investigation into the sexual harassment and told Bassett of the charges and that he would turn the investigation over to Ronnie Elliot, who was in charge of the billing

department, when Elliot returned to town. Elliot continued the investigation, but did not talk to Whaley.

Whaley filed this lawsuit on September 20, 1995 and stated claims for quid pro quo sexual harassment, hostile environment, and constructive discharge against LabSouth, and outage, invasion of privacy and assault and battery against LabSouth and Bassett. Bassett responded on January 22, 1996 and stated a counterclaim for defamation, invasion of privacy, and abuse of process against Whaley. At this time, Bassett had an individual attorney, but LabSouth had agreed to pay a reasonable amount of Bassett's attorney fees. On April 12, 1996, Whaley amended her complaint to state a claim for retaliation against LabSouth, alleging that the counterclaim was retaliatory. LabSouth and Bassett dropped the counterclaim.

## Analysis

I.   Title VII

Because there exist material disputes of fact as to LabSouth's notice of Whaley's claims of harassment, Whaley's opportunity to give notice, whether LabSouth took prompt and effective remedial action, and whether Whaley was subjected to quid pro quo sexual harassment or a hostile environment sufficient to lead to constructive discharge, LabSouth is not due to be granted summary judgment on Whaley's claims of quid pro quo sexual harassment, hostile environment, or constructive discharge. However, LabSouth is due to be granted summary judgment as to Whaley's retaliation claim. To state a prima facie case of retaliation under Title VII, the plaintiff must demonstrate that she engaged in protected activity, she suffered an adverse employment action, and that there was a causal connection between the two. *Meeks v. Computer Associates Intern*, 15 F.3d 1013, 1021 (11th Cir. 1994). Whaley has not demonstrated that the filing of the

3

counterclaim was an adverse employment action caused by her opposition to sexual harassment.

II.   State Law Claims

Because there exist material disputes of fact as to whether Bassett invaded Whaley's privacy or subjected her to assault and battery and to what extent LabSouth knew of Bassett's conduct, Bassett and LabSouth are not due to be granted summary judgment on Whaley's claims of assault and battery and invasion of privacy. However, Bassett and LabSouth are due to be granted summary judgment on Whaley's claim of outrage. To state a prima facie case of outrage, a plaintiff must show that the defendant's conduct was intentional or reckless, that it was extreme and outrageous, and that it caused emotional distress so severe that no reasonable person could be expected to endure it. *Jones v. Crawford & Co.*, 1997 WL 112719, *3 (Ala. 1997). Whaley has not introduced sufficient evidence that Bassett's behavior was sufficiently extreme and outrageous to support a claim of outrage.

### Conclusion

LabSouth is due to be granted summary judgment as to Whaley's claim of retaliation. LabSouth and Bassett are due to be granted summary judgment as to Whaley's claim of outrage. Because there exist material disputes of fact as to Whaley's remaining claims, LabSouth and Bassett are not due to be granted summary judgment as to these claims.

Dated: ~~May~~ June 2, 1997

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Jon Craig Goldfarb
    Mr. Richard S. Walston
    Ms. Paula J. Baker