UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHARON WHALEY,

    Plaintiff,

v.                           CASE NO. CV 95-BU-2438-S

LABSOUTH, INC., et al.,

    Defendants.

## MEMORANDUM OPINION

Before the court is the defendants' Motion to Exclude Polygraph Evidence, which was referred by the district court to the undersigned for resolution. (Doc. 41).[1] Upon consideration of the record, the submissions of the parties, the argument of counsel and the relevant law, it appears that the Motion to Exclude Polygraph Evidence is due to be granted.

### BACKGROUND

In her complaint, the plaintiff alleges that the defendants violated the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, by subjecting her to quid pro quo and hostile work environment sexual harassment. She also makes various state law claims, including the tort of outrage, invasion of privacy and assault and battery.[2] All these claims are premised upon the alleged conduct of defendant Mark Bassett ("Bassett"),

---

    [1]References herein to "Doc. \_\_\_" are to the document numbers assigned the pleadings by the Clerk of the Court.

    [2]The plaintiff later amended her complaint to add a retaliation claim. (Doc. 11, 13).



plaintiff's former supervisor, who she claims touched her and communicated with her in a lewd and offensive manner in spite of her protestations, and upon the alleged ratification or tolerance of such conduct by the plaintiff's former employer, defendant LabSouth, Inc. ("LabSouth"). The plaintiff's retaliation claim against LabSouth and her outrage claim against Bassett and LabSouth were subsequently dismissed when the court granted in part the defendants' motion for summary judgment. (Doc. 29).

On April 9, 1996, the plaintiff filed a "Notice of Intent to Offer Polygraph Evidence and Designation of Vergil L. Williams, Ph.D. as an Expert Witness" ("notice of intent"). (Doc. 12). The plaintiff stated that this evidence was offered to corroborate her testimony about allegations that were denied by defendant Bassett and to defend her truthfulness, which was put into issue by Bassett's denials. (*Id.*). The defendants filed an objection to the notice of intent and a motion for oral argument on May 9, 1996. (Doc. 15). The defendants filed the instant Motion to Exclude Polygraph Evidence on October 16, 1998, (Doc. 41), which was referred to the undersigned on February 22, 1999 for resolution. On March 24, 1999, the undersigned conducted a hearing in which counsel argued the Motion to Exclude Polygraph Evidence.

## DISCUSSION

In *United States v. Piccinonna*, 885 F.2d 1529 (11th Cir. 1989), the court established the criteria for evaluating the admissibility of polygraph evidence. The court stated, in pertinent part, as follows:

> The second situation in which polygraph evidence may be admitted is when used to impeach or corroborate the testimony of a witness at trial. Admission of polygraph evidence for these purposes is subject to three preliminary

2

conditions. First, the party planning to use the evidence at trial must provide adequate notice to the opposing party that the expert testimony will be offered. Second, polygraph expert testimony by a party will be admissible only if the opposing party was given reasonable opportunity to have its own polygraph expert administer a test covering substantially the same questions. Failure to provide adequate notice or reasonable opportunity for the opposing side to administer its own test is proper grounds for exclusion of the evidence.

Finally, whether used to corroborate or impeach, the admissibility of the polygraph administrator's testimony will be governed by the Federal Rules of Evidence for the admissibility of corroboration or impeachment testimony. For example, Rule 608 limits the use of opinion or reputation evidence to establish the credibility of a witness in the following way: "[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Thus, evidence that a witness passed a polygraph examination, used to corroborate that witness's in-court testimony, would not be admissible under Rule 608 unless or until the credibility of that witness were first attacked. Even where the above three conditions are met, admission of polygraph evidence for impeachment or corroboration purposes is left entirely to the discretion of the trial judge.

Neither of these two modifications to the per se exclusionary rule should be construed to preempt or limit in any way the trial court's discretion to exclude polygraph expert testimony on other grounds under the Federal Rules of Evidence. Our holding states merely that in the limited circumstances delineated above, the *Frye* [*v. United States*, 293 F. 1013 (D.C.Cir. 1923)] general acceptance test does not act as a bar to admission of polygraph evidence as a matter of law.[3] As we have stated, the chief criterion in determining whether expert testimony is appropriate is whether it will help the trier of fact to resolve the issues. *Fed. R. Evid.* 702; *Worsham v. A.H. Robins Co.*, 734 F.2d 676, 685 (11th Cir. 1984). The expert testimony must also, of course, be relevant. *Fed. R. Evid.* 401; *United States v. Roark*, 753 F.2d 991, 994 (11th Cir. 1985). Rule 401 defines relevant evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further, Rule 403 states that even though relevant,

---

[3]The general acceptance test of *Frye*, which formerly governed the admissibility of scientific evidence in federal courts, was superseded by the *Federal Rules of Evidence*, as the Court stated in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) .

3

> evidence may be excluded by the trial court "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Thus, we agree with the Ninth Circuit "that polygraph evidence should not be admitted, even for limited purposes, unless the trial court has determined that 'the probative value of the polygraph evidence outweighs the potential prejudice and time consumption involved in presenting such evidence.'" *United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989) (quoting *Brown v. Darcy*, 783 F.2d 1389, 1397 n. 14 (9th Cir. 1986)).
>
> Thus under the Federal Rules of Evidence governing the admissibility of expert testimony, the trial court may exclude polygraph expert testimony because 1) the polygraph examiner's qualifications are unacceptable; 2) the test procedure was unfairly prejudicial or the test was poorly administered; or 3) the questions were irrelevant or improper. The trial judge has wide discretion in this area, and rulings on admissibility will not be reversed unless a clear abuse of discretion is shown. *Worsham*, 734 F.2d at 686.

*Piccinonna*, 885 F.2d at 1536-37.

In this case, the plaintiff seeks to offer the results of her polygraph test to corroborate her testimony that the defendants engaged in the conduct upon which her claims are based. Plaintiff argues that the court should find her polygraph results admissible because she has satisfied the conditions set forth in *Piccinonna* by providing adequate notice to the defendants that she intended to offer the expert testimony, by offering to undergo a polygraph examination by an expert of the defendants' choosing and by allegedly showing the results to be admissible under the *Federal Rules of Evidence*. The defendants seek to exclude the polygraph results under Rules 401, 402, 403, 608 and 702 of the *Federal Rules of Evidence*.

The plaintiff emphasizes that she does not offer the polygraph results under Rule 608 of the *Federal Rules of Evidence*. A judge in this court recently found that polygraph results in a similar case were inadmissible under Rule 608. *Maddox v. Cash Loans of Huntsville II*,

4

21 F. Supp. 2d 1336, 1338-39 (N.D. Ala. 1998) (polygraph results inadmissible under Rule 608 because they were extrinsic evidence of a specific instance of truthfulness and because polygraph examiner was not qualified to render an opnion as to plaintiff's character for truthfulness). Rather, the plaintiff states that her polygraph results are admissible under *Fed. R. Evid.* 702 because they constitute "scientific, technical or other specialized knowledge" which "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Fed. R. Evid.* 702. Yet, even if the court disregards Rule 608, and even if the court assumes that the results are admissible under Rule 702, the court may still exclude them under Rule 403.

Rule 403 of the *Federal Rules of Evidence* states that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In holding that the polygraph results offered in *Maddox* were due to be excluded under Rule 403, the court stated as follows:

> The polygraph examiner can testify only to one matter-- that, in his opinion, plaintiff's physiological responses indicated a lack of deception when, on another occasion outside of court, plaintiff was asked certain questions. *See United States v. Scheffer*, 523 U.S. 303, ---- n. 13, 118 S. Ct. 1261, 1268 n. 13, 140 L. Ed. 2d 413 (1998); *United States v. Duque*, 176 F.R.D. 691, 695 (N.D. Ga. 1998). "This opinion is a secondary and indirect indicia of truthfulness." *Duque*, 176 F.R.D. at 695. Furthermore, expert testimony regarding a witness' credibility offers the jury little, if any, assistance, because the jury can determine the reliability of a witness with the tools of cross-examination. *C.f. United States v. Smith*, 122 F.3d 1355, 1358-59 (11th Cir.), *cert. denied*, --- U.S. ----, 118 S. Ct. 614, 139 L. Ed. 2d 500 (1997) (upholding exclusion of expert testimony regarding eyewitness reliability). The polygraph evidence has questionable probative value at best.
>
> Not only is the probative value of the polygraph evidence negligible, its effect

5

would be highly prejudicial and lead to jury confusion. Absent unusual circumstances, expert testimony concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province to make credibility determinations. *See, e.g., Snowden v. Singletary*, 135 F.3d 732, 38 (11th Cir. 1998), *petition for cert. filed*, 67 U.S.L.W. 3113 (U.S. Aug. 3, 1998) [*cert. denied*, --- U.S. ----, 119 S. Ct. 405, 142 L. Ed. 2d 329 (1998)]; *United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir.), *cert. denied*, 517 U.S. 1027, 116 S. Ct. 2570, 135 L. Ed. 2d 1086, *and cert. denied*, --- U.S. ----, 117 S. Ct. 176, 136 L. Ed. 2d 116 (1996); *United States v. Jackson*, 576 F.2d 46, 49 (5th Cir. 1978); *see also United States v. Scheffer*, 523 U.S. 303, ---- - ----, 118 S. Ct. 1261, 1266-67, 140 L. Ed. 2d 413 (1998) (plurality opinion). A jury has an obligation to "exercise its untrammeled judgment upon the worth and weight of testimony" and to "bring in its verdict and not someone else's." *United States v. Johnson*, 319 U.S. 503, 519, 63 S. Ct. 1233, 87 L. Ed. 1546 (1943); *accord United States v. Sorondo*, 845 F.2d 945, 949 (11th Cir. 1988). To ensure that a jury does not abrogate that responsibility, the Court must be sensitive to the jury's temptation to accept the judgment of an expert in place of its own. *See Sorondo*, 845 F.2d at 949.

In the present case, the credibility of plaintiff's testimony regarding defendant Scruggs' alleged sexual misconduct is a key issue in the sexual discrimination, assault and battery, invasion of privacy, and intentional infliction of emotional distress claims. The admission of polygraph evidence would shift the focus of a trial from liability to the examiner's qualifications and methodology. See *United States v. Gilliard*, 133 F.3d 809, 815-16 (11th Cir. 1998); *United States v. Duque*, 176 F.R.D. 691, 695 (N.D. Ga. 1998). For this reason, the polygraph evidence poses a substantial risk that the jury would substitute [the polygraph examiner's] judgment for its own. *See Sorondo*, 845 F.2d at 949; *U.S. v. Piccinonna (Piccinonna II)*, 729 F. Supp. 1336, 1338 (S.D. Fla. 1990), *aff'd mem.*, 925 F.2d 1474 (11th Cir. 1991).

Furthermore, defendants had no notice of the polygraph examination before it took place. Although defendants have the results of the polygraph, reviewing the results is not the same as being present at the examination. *See Gilliard*, 133 F.3d at 816. Absence of such notice unduly prejudiced defendants because the unilateral nature of the polygraph hindered defendants' ability to cross-examine plaintiff's experts and to have their own experts conduct an independent review of the polygraph results. [Footnote omitted[4]] *See id.*; *see*

---

[4]The text of this omitted footnote reads as follows: "The procedure employed by counsel for plaintiff also could be used by an attorney to 'shop around' among examiners until the party 'passed' an examination and then give notice as to that examiner only."

6

>   *also Barnier v. Szentmiklosi*, 810 F.2d 594, 597 (6th Cir. 1987) (discussing prejudicial nature of unilateral polygraph tests). The Court finds that the risk of a jury substituting its judgment for the opinion of [the polygraph examiner] and the unfair prejudice to defendants substantially outweigh the slight probative value, if any, of the polygraph evidence.

*Maddox*, 21 F. Supp. 2d at 1340-41.

The offer of plaintiff's polygraph results in this case raises similar concerns under Rule 403 as did the offer of polygraph results in *Maddox*. As in *Maddox*, the defendants had no notice that the plaintiff would be taking a polygraph test and had no opportunity to observe the administration of the test. This could impair the defendants' ability to cross-examine the polygraph examiner and to properly challenge the test results. As in *Maddox*, the credibility of the plaintiff's testimony about the sexual conduct of the individual defendant is a key issue in this case. If the plaintiff's polygraph results are offered, issues would arise related to the polygraph testing procedures, the reliability of the results and the qualifications of the examiner. After hearing the parties' lengthy oral argument about the validity and reliability of the plaintiff's polygraph results and of the examiner's methodology, the court is convinced that no less than an entire day of trial would be consumed by such issues. The court is also convinced that there is too great a danger that the admission of polygraph results would shift the focus of trial from liability to the examiner's qualifications and methodology and the reliability of the results, creating a substantial risk that the jury would substitute judgment for its own. In view of these considerations, the court finds that any marginal assistance the jury might receive from the polygraph results is overwhelmingly outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury" and by "considerations of undue delay, waste of time, or needless presentation of cumulative

7

evidence." *Fed. R. Evid.* 403. It therefore appears that, whether or not they are admissible under Rule 702, the polygraph results offered by the plaintiff should be excluded under Rule 403 of the *Federal Rules of Evidence*.

## CONCLUSION

Based on the foregoing, the court finds that the defendants' Motion to Exclude Polygraph Evidence (Doc. 41) is due to be granted. An appropriate order will be entered contemporaneously herewith.

**DONE** this 6th day of April, 1999.

*/s/ John E. Ott*

**JOHN E. OTT**
United States Magistrate Judge